IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

RICHARD L. JOHNSON,

    Petitioner,

v.                                            CASE NO. 4:10-cv-0498-MP-GRJ

BRIAN DEMARAIS, et al.,

    Respondents.

_____/

## **REPORT AND RECOMMENDATION**

This matter is before the Court on Doc. 1, a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is a prisoner in the custody of the Florida Department of Corrections pursuant to a Seminole County judgment of conviction. Petitioner seeks habeas corpus relief in connection with a 2007 prison disciplinary conviction for possession of a weapon, for which he was punished by the loss of 100 days of gaintime. Petitioner unsuccessfully pursued prison administrative remedies regarding the disciplinary conviction, but he concedes that he did not pursue any state court remedies. *See* Doc. 1 and exhibits.

It is a long-standing prerequisite to the filing of a federal habeas corpus petition that the petitioner exhaust available state court remedies, 28 U.S.C. § 2254(b)(1)[1],

---

[1] Section 2254 provides, in pertinent part, that:

(b) (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that --
    (A) the applicant has exhausted the remedies available in the courts of the State; or
    (B) (i) there is an absence of available State corrective process; or

thereby giving the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971) (citation omitted)). "To satisfy the exhaustion requirement, the petitioner must have fairly presented the substance of his federal claim to the state courts." *Picard*, 404 U.S. at 277-78. To fully exhaust, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (citing 28 U.S.C. § 2254(c)). Failure to exhaust is proper grounds for dismissal of the petition. *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992).

If a Florida prisoner wishes to challenge a disciplinary sanction imposed by the DOC, he must file a petition for habeas corpus or mandamus relief in the appropriate state trial court and, if unsuccessful, he must file a petition for certiorari review in the appropriate state appellate court. *See Jones v. Fla. Dep't of Corr.*, 615 So.2d 798 (Fla. 1st DCA 1993) (holding that appropriate remedy to seek review of order denying administrative appeal of disciplinary report against prisoner is by petition for extraordinary relief in circuit court, and if petition is denied, prisoner may then seek review of final order of circuit court); *White v. Moore*, 789 So.2d 1118 (Fla. 1st DCA 2001) (after exhausting administrative remedies regarding disciplinary sanction imposed by DOC, inmate filed petition for writ of mandamus in Circuit Court in and for

---

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

Leon County, and upon being denied relief, properly sought certiorari review from First DCA); see also 41 Fla. Jur. 2d, Prisons and Prisoners, § 233 (2009) ("Upon exhausting the administrative remedies available for redress of a grievance, an inmate may, if judicial action is necessary, invoke the jurisdiction of the circuit court, generally in the county of incarceration. The appropriate remedy in this situation is for the inmate to file a petition for extraordinary relief in the Circuit Court which, if denied, may then be appealed to the District Court of Appeal.") (citing *Jones v. Wainwright*, 298 So.2d 542 (Fla. 2d DCA 1974); Jones, 615 So.2d at 798) (emphasis added).

The face of the Petition reflects that Petitioner has not exhausted state-court remedies with respect to the challenged disciplinary conviction. Pursuant to Rule 4, Rules Governing Habeas Corpus Petitions Under Section 2254, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition."

In light of the foregoing, it is respectfully **RECOMMENDED** that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, Doc. 1, be **DISMISSED**.

**IN CHAMBERS** this 14th day of March 2011.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.