IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

RICHARD L. JOHNSON,

      Petitioner,

v.                                                          CASE NO. 4:10-cv-0498-MP-GRJ

SECRETARY, DEPARTMENT
OF CORRECTIONS,

      Respondents.

_____/

## O R D E R

      The undersigned recommended that this case be dismissed for failure to comply with the Court's previous order to file an amended petition.  Docs. 17, 18.The district judge recommitted the case to the undersigned without ruling on the report and recommendation (Doc. 20) because Petitioner filed objections alleging that although he previously mailed a motion for extension of time, the motion was mailed to the wrong court, the Florida 5th DCA.  Doc. 19.  Construing Petitioner's objection, Doc. 19, as a motion for extension of time, the Court will grant Petitioner a 30-day extension of time from the date of this order to file an amended petition in compliance with this Court's order of April 19, 2011 (Doc. 17).

      Petitioner is reminded that the face of Petitioner's  28 U.S.C. § 2254 petition reflects that he did not pursue state court remedies regarding the prison disciplinary conviction that is the subject of the Petition.  Doc. 12.  Petitioner filed objections alleging that he did pursue state court remedies "sometime year of 2008," but that his disciplinary conviction was not set aside.  Doc. 14.  The district judge remanded the

matter to the undersigned for a determination whether the claims in Petitioner's objections make a difference in the Court's analysis.  Doc. 16.

Petitioner has provided no specific information concerning his alleged exhaustion of state court remedies.  The Court's habeas corpus petition form requires petitioners to state whether each claim was asserted in state court, and if so to "explain how it was raised."  Petitioner failed to provide the required information.  Petitioner attached administrative remedy documents to his petition, but no additional information pertaining to the exhaustion of state court remedies.  *See* Doc. 1.

In his objections, Petitioner contends that a previous civil rights case that he filed concerning the same disciplinary case was dismissed for failure to exhaust administrative remedies as to his related claim for denial of medicine but was not dismissed for failure to exhaust state court remedies.   Petitioner argues that the court in that case "would have, or should [have] stated, that the petitioner had not exhausted the state court['s] remedies."  Doc. 14.  Petitioner is mistaken.  A prisoner must exhaust administrative remedies prior to filing a federal civil rights case pursuant to 42 U.S.C § 1983, but is not required to exhaust state court remedies.  Petitioner's previous civil rights case was also dismissed pursuant to *Edwards v. Balisok*, 520 U.S. 641, 648-49 (1997) because Petitioner's disciplinary case resulted in the loss of gain time and therefore he could not pursue a § 1983 claim until such time as his disciplinary case was set aside.  The court determined that Petitioner's disciplinary case had not been set aside, but made no findings concerning whether Petitioner had pursued state court remedies regarding the disciplinary case.  *See Johnson v. Demarais*, Case No. 5:08-cv-262, Doc. 78 (N.D. Fla. September 2, 2010).

As explained in the Report and Recommendation, federal habeas corpus petitions are subject to the state-court exhaustion and other procedural requirements of 28 U.S.C. § 2254(b)(1)[1], thereby giving the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971) (citation omitted)). The instant Petition is also subject to the one-year limitations period of 28 U.S.C § 2244(d)(1).

In view of the sworn allegations of the Petition, which provided no information regarding exhaustion of state court remedies, and Petitioner's failure to provide any specific information in his objections to the Report and Recommendation, the undersigned is not persuaded that Petitioner has complied with the requirements of 28 U.S.C. § 2254(b)(1).  Nevertheless, in view of Petitioner's *pro se* status and his allegation in his objections that he has exhausted state court remedies, out of an abundance of caution the Court will permit Petitioner an opportunity to file an Amended Petition.  Petitioner shall complete a new petition form, marking it "Amended Petition." Petitioner shall not refer to the original petition or incorporate any allegations by

---

[1] Section 2254 provides, in pertinent part, that:

(b) (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that --
    (A) the applicant has exhausted the remedies available in the courts of the State; or
    (B) (i) there is an absence of available State corrective process; or
    (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

reference to the original petition.  Petitioner must provide **all** of the information required on the petition form, including explaining how each claim was raised in state court.  The instant Petition seeks monetary damages.  Monetary damages cannot be awarded in a habeas corpus case, and therefore any claim for monetary damages will be stricken.

Accordingly, it is **ORDERED**

1.  The **Clerk** shall send Petitioner a blank state prisoner habeas corpus form. Petitioner shall prepare an Amended Petition as directed herein, and shall file the Amended Petition, together with two identical service copies, **on or before November 3, 2011.  Further extensions will not be granted absent a showing of exigent circumstances.**

2.  Failure to comply with this order within the allotted time may result in a recommendation that this case be dismissed.[2]

**DONE AND ORDERED** this 4th day of October 2011.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

---

[2] Petitioner should note that if he fails to respond to this Order and this case is dismissed, any subsequently-filed habeas petition in this Court challenging the same conviction may be barred by the one-year limitation period for filing a habeas petition in the federal courts.  *See* 28 U.S.C. § 2244(d)(1).  Although the one-year period is tolled during the time in which a properly filed application for state post- conviction relief is pending, *see Artuz v. Bennett*, 531 U.S. 4, 8-9 (2000) (defining when an application is "properly filed" under 28 U.S.C. § 2244(d)(2)), the time in which a federal habeas petition is pending does not toll the one-year limitation period.  *See Duncan v. Walker*, 533 U.S. 167 (2001) (holding that an application for federal habeas corpus review <u>does not</u> toll the one-year limitation period under § 2244(d)(2)).