IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

RICHARD L. JOHNSON,

Petitioner,

v. CASE NO. 4:10-cv-0498-MP-GRJ

SECRETARY, DEPARTMENT
OF CORRECTIONS,

Respondents.
_______________________________/

**O R D E R**

This case is before the Court on Doc. 24, Petitioner's Motion for Extension of Time to File an Amended Petition. Petitioner requests a 45-day extension of time, citing inconvenience of access to the prison law library.

This Court first directed Petitioner to file an Amended Petition on April 19, 2011, to fully complete the form and list any state court remedies he pursued after his disciplinary conviction that resulted in 100 days of lost gain time. (Doc. 17.) Petitioner failed to timely respond and on June 15, 2011, the undersigned recommended the Petition be dismissed for failure to exhaust state court remedies, failure to prosecute, and failure to comply with a Court order. (Doc. 18.) Petitioner filed an untimely objection to that Report and Recommendation, claiming that he mailed a request for extension of time to the wrong court. (Doc. 19.) The case was recommitted to the undersigned, who, in an abundance of caution, directed the Clerk to send Petitioner a blank state prisoner habeas corpus form and directed Petitioner to file the Amended Petition on or before November 3, 2011. (Docs. 20, 22.) The instant motion,

postmarked November 4, 2011, now requests a 45-day extension of time. (Doc. 24.).

Petitioner is reminded that the face of Petitioner's 28 U.S.C. § 2254 petition reflects that he did not pursue state court remedies regarding the prison disciplinary conviction that is the subject of the Petition. (Doc. 12.) Petitioner has provided no specific information concerning his alleged exhaustion of state court remedies and the primary purpose of requiring an Amended Petition is to afford him the opportunity to do so. Petitioner has been aware that he is required to file an Amended Petition for nearly **seven months** but has failed to do so and has repeatedly failed to timely comply with this Court's orders. Mindful of the consequences of dismissal of this case,[1] the undersigned will grant Petitioner a 30-day extension of time to filed an Amended Petition. However, **no further extensions will be granted absent a showing of exigent circumstances and failure to comply will result in a recommendation that case be dismissed**. Petitioner's status as a prisoner, whereby accessing the law library is an "inconvenience" according to the instant motion, does **not** demonstrate an exigent circumstance.

Accordingly, it is **ORDERED:**

1. Petitioner's Motion for Extension of Time to File an Amended Petition, Doc.

---

[1] Petitioner should note that if he fails to respond to this Order and this case is dismissed, any subsequently-filed habeas petition in this Court challenging the same conviction may be barred by the one-year limitation period for filing a habeas petition in the federal courts. *See* 28 U.S.C. § 2244(d)(1). Although the one-year period is tolled during the time in which a properly filed application for state post- conviction relief is pending, *see Artuz v. Bennett*, 531 U.S. 4, 8-9 (2000) (defining when an application is "properly filed" under 28 U.S.C. § 2244(d)(2)), the time in which a federal habeas petition is pending does not toll the one-year limitation period. *See Duncan v. Walker*, 533 U.S. 167 (2001) (holding that an application for federal habeas corpus review does not toll the one-year limitation period under § 2244(d)(2)).

24, is **GRANTED** to the extent that a 30-day extension of time is permitted. Petitioner shall file the Amended Petition, together with two identical service copies, **on or before December 14, 2011. Further extensions will not be granted absent a showing of exigent circumstances.**

2. Failure to comply with this order within the allotted time will result in a recommendation that this case be dismissed.

**DONE AND ORDERED** this 10th day of November 2011.

s/Gary R. Jones
GARY R. JONES
United States Magistrate Judge