IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

RICHARD L. JOHNSON,

    Petitioner,

v.                                            CASE NO. 4:10-cv-0498-MP-GRJ

BRIAN DEMARAIS, et al.,

    Respondents.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Doc. 31, Respondent's motion to dismiss Petitioner's amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 27.) Petitioner is a prisoner in the custody of the Florida Department of Corrections and seeks habeas corpus relief in connection with a 2007 prison disciplinary conviction for possession of a weapon, for which he was punished by the loss of 100 days of gaintime. For the reasons discussed below, it is recommended that the motion to dismiss be **GRANTED.**

## The Amended Petition

Petitioner challenges a disciplinary conviction for possession of a weapon.[1] (Doc. 27.) He reports his sentence as 18 months of close management; the disciplinary hearing report indicates he lost 100 days of gain time and received 60 days of disciplinary confinement. (Docs. 27, 31 at Exh. B, p. 1.) Petitioner states that he

---

[1]To the extent Petitioner challenges the disciplinary report for refusing to work received a few hours prior to the weapon allegation, it is moot because the refusal to work was dismissed by the disciplinary review team because the officer's statement of facts did not support the charge. (Doc. 31, Exh. A.)

pleaded not guilty to the possession of a weapon charge and appealed to the circuit court in Tallahassee and to the First District Court of Appeal. As grounds for relief, Petitioner alleges that the findings of the disciplinary review term were in error. In support of his contention, Petitioner alleges that on the date in question, August 24, 2007, he was placed in confinement at 6:30 a.m. for refusing to work. At 7:35 p.m. the same day, he was accused of being in possession of a weapon, and the officer noted on the second report that Petitioner was placed in confinement pending the outcome of the report. Petitioner argues that the second report's note about Petitioner being placed in confinement is conflicting because he was already in confinement. As relief, Petitioner seeks $150,000. (Doc. 27.)

## Procedural Background

The undersigned previously recommended that this case be dismissed because the face of the original petition reflected that Petitioner had not exhausted state-court remedies with respect to the challenged disciplinary conviction. (Doc. 12.) Petitioner filed objections alleging that he did pursue state court remedies "sometime year of 2008" by petitioning for a writ of mandamus in circuit court and unsuccessfully appealing to the First District Court of Appeal. (Doc. 14.) The district judge remanded the matter to the undersigned for a determination whether the claims in Petitioner's objections make a difference in the Court's analysis. (Doc. 16.) Petitioner was given an opportunity to amend his petition and the amended petition (Doc. 27) was served upon Respondent, who filed the instant motion to dismiss. (Doc. 31.)

## Standard of Review

It is a long-standing prerequisite to the filing of a federal habeas corpus petition

that the petitioner have exhausted available state court remedies, 28 U.S.C. § 2254(b)(1)[2], thereby giving the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971) (citation omitted)). "To satisfy the exhaustion requirement, the petitioner must have fairly presented the substance of his federal claim to the state courts." *Picard*, 404 U.S. at 277-78.  To fully exhaust, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (citing  28 U.S.C. § 2254(c)). Failure to exhaust is proper grounds for dismissal of the petition.  *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992).

If a Florida prisoner wishes to challenge a disciplinary sanction imposed by the DOC, he must file a petition for habeas corpus or mandamus relief in the appropriate state trial court and, if unsuccessful, he must file a petition for certiorari review in the appropriate state appellate court. *See Jones v. Fla. Dep't of Corr.*, 615 So.2d 798 (Fla. 1st DCA 1993) (holding that appropriate remedy to seek review of order denying

---

[2] Section 2254 provides, in pertinent part, that:

(b) (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that --
    (A) the applicant has exhausted the remedies available in the courts of the State; or
    (B) (i) there is an absence of available State corrective process; or
    (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

administrative appeal of disciplinary report against prisoner is by petition for extraordinary relief in circuit court, and if petition is denied, prisoner may then seek review of final order of circuit court); *White v. Moore*, 789 So.2d 1118 (Fla. 1st DCA 2001) (after exhausting administrative remedies regarding disciplinary sanction imposed by DOC, inmate filed petition for writ of mandamus in Circuit Court in and for Leon County, and upon being denied relief, properly sought certiorari review from First DCA); see also 41 Fla. Jur. 2d, Prisons and Prisoners, § 233 (2009) ("Upon exhausting the administrative remedies available for redress of a grievance, an inmate may, if judicial action is necessary, invoke the jurisdiction of the circuit court, generally in the county of incarceration. The appropriate remedy in this situation is for the inmate to file a petition for extraordinary relief in the Circuit Court which, if denied, may then be appealed to the District Court of Appeal.") (citing *Jones v. Wainwright*, 298 So.2d 542 (Fla. 2d DCA 1974); Jones, 615 So.2d at 798) (emphasis added).

## Discussion

The face of the original petition reflected that Petitioner had not exhausted state-court remedies with respect to the challenged disciplinary conviction. Pursuant to Rule 4, Rules Governing Habeas Corpus Petitions Under Section 2254, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition."   In his subsequent objections, Petitioner alleged to have filed a writ of mandamus in the Eighth Judicial Circuit in Leon County followed by an appeal to the First DCA.  Petitioner provided no other details in his objections; further, Leon County is in the Second Judicial Circuit, not the Eighth.  In his amended petition, Petitioner contends that he unsuccessfully appealed to the circuit

court in Tallahassee and the First DCA but was unsuccessful. Petitioner provides no other information about his alleged state court remedies in connection with the disciplinary conviction for possession of a weapon. (Doc. 27.)

While Petitioner appears to have exhausted his administrative remedies, there is no indication, other than his vague, unsupported assertions, that he challenged the disciplinary report for possession of a weapon in the state courts. Respondent has reviewed and presented docket information for the Second and Eighth Judicial Circuits, where in only one instance did Petitioner challenge a disciplinary report. In that Second Judicial Circuit case, Case No. 2011-CA-900, Petitioner challenged a December 29, 2010, disciplinary report for lying to staff. Petitioner's petition for writ of mandamus was denied and his subsequent appeal to the First DCA was dismissed. (Doc. 31, Exhs. E, L.) A review of the dockets in the remaining DCAs also fails to indicate that Petitioner filed any other action challenging any disciplinary report in those courts. (*Id.* at Exh. L.) Petitioner has failed to exhaust his state court remedies and his amended petition is to be dismissed.

Because Petitioner did not appeal his disciplinary conviction within 30 days from the final disposition of his disciplinary proceedings (which occurred in 2007), and he is now procedurally barred from doing so, he has procedurally defaulted his claim. When a petitioner fails to properly exhaust a federal claim in state court, and it is obvious that the unexhausted claim would now be procedurally barred under state law, the claim is procedurally defaulted. Bailey v. Nagle, 172 F.3d 1299, 1303 (11th Cir. 1999). Federal habeas courts are precluded from reviewing the merits of procedurally defaulted claims unless the petitioner can show either (1) cause for the failure to properly present the

claim and actual prejudice from the default, or (2) that a fundamental miscarriage of justice would result if the claim were not considered. *Id*. at 1302, 1306. Petitioner makes no claim that he can show cause and prejudice for the default, and there is nothing in the record that suggests that a fundamental miscarriage of justice would result if the Court does not consider the claims. Accordingly, the instant habeas petition is procedurally defaulted and foreclosed from federal review.

      Petitioner's claim also fails on the merits because based on the facts presented in the amended petition, no violation of Petitioner's due process rights occurred. The Supreme Court has held that when a prison disciplinary proceeding may result in the loss of time credits, a prisoner is entitled to the following three procedural protections: (1) advance written notice of the charges and at least 24 hours to prepare a defense; (2) an opportunity, consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his own behalf; and (3) a written statement by the fact-finder of the evidence relied upon and the reasons for the disciplinary action. *Wolff*, 418 U.S. at 563-66 (1974). Due process standards are satisfied if the findings of the disciplinary officer are supported by "some evidence." *Superintendent, Mass. Corr. Inst., v. Hill*, 472 U.S. 445, 447 (1985).

      Petitioner merely disagrees with the findings of fact made by the disciplinary review team. Petitioner argues that "it cannot be believable" that he was charged with possession of a weapon while already in administrative confinement. The disciplinary reports reflect that the weapon was confiscated from Petitioner's locked locker. Petitioner's argument that he had to be present at the time the weapon was found is without merit. There is no indication in the amended petition that Petitioner was not

afforded notice, the opportunity to present some evidence on his behalf, or that a written statement of the factfinder was not issued.  (Doc. 27.)

Finally, the undersigned notes that Petitioner seeks as relief monetary damages in the amount of $150,000.  Monetary damages cannot be awarded in a habeas corpus action.  *See, e.g., Nelson v. Campbell*, 541 U.S. 637, 646 (2004).

In light of the foregoing, it is respectfully **RECOMMENDED** that the motion to dismiss (Doc. 31) be **GRANTED,** that the amended petition, Doc. 27, be **DISMISSED,** and that a certificate of appealability be **DENIED**.

**IN CHAMBERS** this 21st   day of April 2012.


*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge


**NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.